FILED
United States Court of Appeals
Tenth Circuit

December 2, 2021

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

EDWARD ALLEN,

    Plaintiff - Appellant,

v.

EXECUTIVE DIRECTOR OF
COLORADO DEPARTMENT OF
CORRECTIONS,

    Defendant - Appellee.

No. 21-1030
(D.C. No. 1:20-CV-00226-WJM-KLM)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **TYMKOVICH**, Chief Judge, **MORITZ** and **ROSSMAN**, Circuit Judges.

_____

In this 42 U.S.C. § 1983 case, Edward Allen, a pro se state prisoner, appeals from a district court order that dismissed his amended complaint as untimely. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm for substantially the same reasons identified by the district court.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In July 2004, a Colorado court sentenced Allen to three concurrent and indeterminate terms of imprisonment for sexually assaulting a child while in a position of trust, *see* Colo. Rev. Stat. 18-3-405.3.  Allen alleges that in 2005, the Colorado Department of Corrections (CDOC) refused to evaluate him for treatment and participation in a Sex Offender Treatment and Monitoring Program (SOTMP) because he would not admit guilt for a sex offense.  He contends that his exclusion from SOTMP renders him ineligible for parole and violates due process.

Allen has raised a version of this claim on at least two prior occasions.  First, in *Allen v. Falk*, No. 14-cv-01176-RBJ-MJW (D. Colo. filed Apr. 25, 2014), he alleged that "[i]t violates the Plaintiff's [d]ue process rights not to offer parole w[h]ether he confesses or not."  R. at 62.  The district court dismissed the claim, and this court affirmed.  *See Allen v. Falk*, 624 F. App'x 980, 984 (10th Cir. 2015) (rejecting Allen's argument that being "deemed . . . non-compliant with the CDOC's sex-offender-treatment program for refusing to admit guilt to a sex offense" entitled him to release on parole, and noting that Allen appeared to have abandoned his accompanying request for damages).  Then, in *Allen v. Executive Director*, No. 2017-CV-367 (Dist. Ct. El Paso Cnty. Colo. filed Aug. 17, 2017), he petitioned for mandamus relief from "the Sex-offender-management-board's requirement of a confession in order to participate in the Sex-offender-treatment-and-monetary program."  R. at 109.  On CDOC's motion, the Colorado state court

dismissed the petition, explaining that Allen "has no right to receive treatment when he refuses to cooperate with its implementation." *Id.* at 118.[1]

In the instant case, the district court determined that by the time Allen filed the state court mandamus petition in August 2017, he knew or had reason to know the basis for his current § 1983 claim. *See Ullery v. Bradley*, 949 F.3d 1282, 1288 (10th Cir. 2020) ("A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." (internal quotation marks omitted)). Yet, Allen did not file this § 1983 case until January 2020—five months outside the limitations period, *see id.* (noting that the statute of limitations for § 1983 claims that arise in Colorado is two years). Thus, the district court determined that Allen's claim was untimely, and it rejected his assertion of the continuing-violation doctrine to extend the limitations period, because CDOC's ongoing failure to evaluate him for SOTMP treatment and participation was not an act discrete from CDOC's "inaction upon [his]

---

[1] For reasons that are unclear, the district court in this case did not address CDOC's assertion of res judicata as an additional ground to dismiss Allen's amended complaint. *See Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) ("The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." (internal quotation marks omitted)); Restatement (Second) of Judgments § 19 cmt. a (1982) (stating that "[t]he rule that a defendant's judgment acts as a bar to a second action on the same claim is based largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end," and thus, "errors underlying a judgment [must] be corrected on appeal or other available proceedings to modify the judgment or to set it aside, and not made the basis for a second action on the same claim"). Although we may affirm on any ground supported by the record, *see Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1256 (10th Cir. 2011), we will rely on the ground used by the district court.

3

incarceration." R. at 179. The district court then dismissed Allen's complaint, prompting this appeal.

## DISCUSSION

"We review de novo the dismissal of an action under Rule 12(b)(6) based on the statute of limitations." *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010). In doing so, we liberally construe Allen's pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Allen's amended complaint states that he was aware in 2005 of CDOC's denial of SOTMP evaluation and treatment, and that his awareness continued into 2017 when he sought mandamus relief. Clearly then, he knew or had reason to know of the injury which is the basis of this action no later than August 2017, the filing date of his state court mandamus petition. This action was not filed within two years of that date.

Allen argues that his claim for relief did not accrue "until September of 2018 when the Attorney General['s] Office claimed [he] has no right to treatment." Aplt. Opening Br. at 3. But no such allegation appears in Allen's amended complaint, and he indicates in his opening appellate brief that the Attorney General's position was advanced in CDOC's motion to dismiss the mandamus petition. That motion was filed sometime in the August-October 2017 period, and more than two years before Allen filed this § 1983 case.

Allen cannot extend the limitations period to reach his January 2020 filing by arguing that CDOC's "denial every day" is a continuing violation. *Id.* at 6. "[I]t remains an open question in this circuit whether the continuing violation doctrine [even] applies

4

in the § 1983 context." *Schell v. C.J. and JJ. of Okla. Sup. Ct.*, 11 F.4th 1178, 1191 n.6 (10th Cir. 2021). "Assuming the continuing violation doctrine applies, the burden was on [Allen] to raise an argument under that doctrine and show similar violations occurred both before and within the statute-of-limitations period." *Id.* The continuing-violation "doctrine is triggered by continuing unlawful acts *but not by continued damages from the initial violation*." *Colby v. Herrick*, 849 F.3d 1273, 1280 (10th Cir. 2017) (emphasis added). Allen's argument that he continues to suffer *the effects* of CDOC's denial of SOTMP evaluation and treatment is insufficient to extend the limitations period. *See id.* ("A plaintiff may not use the continuing violation theory to challenge discrete actions that occurred outside the limitations period even though the impact of the acts continues to be felt." (brackets and internal quotation marks omitted)).

## CONCLUSION

We affirm the district court's judgment for substantially the same reasons identified in its December 31, 2020, order dismissing Allen's amended complaint. Further, we deny Allen's motion to proceed in forma pauperis because he has not presented "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Timothy M. Tymkovich
Chief Judge